320 P.2d 666

**Carl Emil TREUTLE, Plaintiff,**

v.

**DISTRICT COURT OF SALT LAKE COUNTY, Hon. Stewart M. Hanson, and Viola M. Treutle, Defendants.**

No. 8743.

Supreme Court of Utah.

Jan. 23, 1958.

156

Skeen, Worsley, Snow & Christensen, Salt Lake City, for plaintiff-appellant.

King & Hughes, Salt Lake City, for defendants-respondent.

WADE, Justice.

Carl Emil Treutle seeks a writ annulling and vacating a decree of divorce granted by the Third Judicial District Court in and for the County of Salt Lake, State of Utah, in the case of Viola M. Treutle, plaintiff therein versus Carl Emil Treutle, defendant therein and plaintiff in this court, on the grounds that the court abused its discretion and exceeded its authority when it granted said divorce; (1) because there was no legal evidence introduced in the case upon which the court could act and (2) because a summons did not issue within three months after the commencement of the action.

The facts are not in dispute. Viola Treutle commenced the action for divorce from Carl Emil Treutle by filing a complaint on September 20, 1956; on December 28, 1956, before service of summons and without any notice to the defendant therein a hearing was held before the court in which the plaintiff therein testified and her testimony was ordered by the court to be perpetuated. It is admitted no record was made of this testimony. Thereafter, on January 4, 1957, an order for service of summons by publication was obtained and on March 5, 1957, the default of the defendant was entered upon his failure to answer or appear and the divorce granted. The plaintiff was not present at this hearing and the divorce was granted upon the basis of the testimony which had been given by her on December 28, 1956.

Sec. 30–3–4, U.C.A., provides that "* * * No decree of divorce shall be granted upon default or otherwise, except upon legal evidence taken in the cause, * * *". It is clear from the record that at the time plaintiff in the divorce action testified before the court, the defendant therein had not yet been served with a summons and his default had not been entered. From the order of the court entered on December 28, 1956, perpetuating the testimony it is a fair inference that the testimony was given for that purpose. However, it is apparent from the record that no attempt was made to conform to

the requirements of the Utah Rules of Civil Procedure, Part V, which deals with the methods to be followed in the taking of depositions and the perpetuation of testimony, such as the giving of notice to the adverse party before default and the taking of a stenographic or other record of the testimony adduced so that it can be determined what the testimony was about, to mention a few of the more apparently necessary requirements for the safeguarding of justice. We are not aware of any rules whereby testimony given under the circumstances involved herein could be introduced and considered at any subsequent proceedings.

At the hearing after the default of Carl M. Treutle was entered, no one testified and no deposition or record of testimony was offered or introduced in evidence. The court had no legal evidence before it upon which to grant a divorce and therefore clearly exceeded its jurisdiction when it attempted to grant the divorce before first having taken legal evidence in the cause.

In view of what we have determined it becomes unnecessary to comment upon whether the summons issued within three months after the filing of the complaint.

The decree of divorce is hereby annulled and vacated. Costs to appellant.

McDONOUGH, C. J., and WORTHEN, CROCKETT, and HENRIOD, JJ., concur.